**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**
Bankruptcy Judge Thomas B. McNamara

| | |
|---|---|
| In re:<br><br>KEVIN LEWIS BELL,<br><br>Debtor. | Bankruptcy Case No. 19-20596 TBM<br>Chapter 7 |

**ORDER DENYING MOTION TO DISMISS AND GRANTING EXTENSION OF**
**DEADLINE TO OBJECT TO DISCHARGE**
**AND DISCHARGEABILITY OF DEBTS**

## I. Introduction.

Debtor, Kevin Lewis Bell (the "Debtor"),[1] filed for protection under Chapter 7 of the Bankruptcy Code.[2] According to the Debtor's financial disclosures, she is quite impoverished. Her case appears to be a classic "no-asset" proceeding in which creditors likely will receive nothing. The United States Trustee appointed Harvey Sender as the Chapter 7 Trustee (the "Chapter 7 Trustee") for the Bankruptcy Estate of the Debtor.

Chapter 7 trustees are an indispensable part of the bankruptcy system. Under the Bankruptcy Code, Chapter 7 trustees are required to "investigate the financial affairs of the debtor," "collect and reduce to money the property of the estate," and perform a myriad of other critical functions.[3] It is hard work for which Chapter 7 trustees receive little credit and often are poorly compensated.

One of the key early events in every consumer bankruptcy proceeding is a mandatory examination of the debtor: the so-called "Section 341 Meeting". 11 U.S.C. §§ 341 and 343. The debtor must appear and answer questions posed by a Chapter 7 trustee and creditors. The Section 341 Meeting is one of the main avenues available to Chapter 7 trustees to perform their duty of "investigat[ing] the financial affairs of the debtor."

---

[1] The Debtor identifies as female. Accordingly, the Court utilizes female pronouns and adjectives (*i.e.,* "she," "her" and "hers") when referring to the Debtor, Kevin Lewis Bell. *See Hardeman v. Smith*, 764 Fed. Appx. 658 (10th Cir. 2019) (unpublished) ("Appellant [a transgender prisoner with male name] identifies as female, so we use female pronouns . . . ."); *Qz'etax v. Ortiz*, 170 Fed. Appx. 551 (10th Cir. 2006) (unpublished) (approving use of female pronouns to refer to appellant with male name but different gender identity).

[2] 11 U.S.C. § 101 *et seq.* Unless otherwise indicated, all references to "Section" are to Sections of the Bankruptcy Code.

[3] 11 U.S.C. § 704.

In this bankruptcy case, the Debtor appeared very late for her initial Section 341 meeting. So, the Chapter 7 Trustee was not able to examine the Debtor. He rescheduled the Section 341 Meeting. At the continued Section 341 Meeting, the Debtor appeared on time. When the Chapter 7 Trustee asked for her identification, the Debtor produced her Colorado Driver's License but did not have her Social Security Card. Her failure to produce "evidence of [her] social security number" violated a procedural rule: Fed. R. Bankr. P. 4002(b)(1). The Debtor asked to provide her Social Security Card later. The Chapter 7 Trustee refused and did not conduct any examination of the Debtor at the Section 341 Meeting. Instead, he filed a "Motion to Dismiss Voluntary Petition and Extend the Deadline to Object to Discharge or to Challenge Whether Certain Debts are Dischargeable." (Docket No. 16, the "Motion to Dismiss.") Thereafter, the Debtor objected to dismissal and provided a copy of her Social Security Card. She wants to complete the bankruptcy process and receive a discharge. In the end, the issue is whether the Court should take the fairly draconian step of dismissing the Debtor's Chapter 7 bankruptcy case merely because she did not bring her Social Security Card to the Section 341 Meeting and instead provided it later.

## II. Jurisdiction and Venue.

This Court has jurisdiction to enter final judgment on matters involving the administration of the bankruptcy process pursuant to 28 U.S.C. § 1334. The issue in dispute is a core proceeding under 28 U.S.C. § 157(b)(2)(A) which governs "matters concerning administration of the estate." Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. Procedural and Factual Background.

The following procedural and factual background is based upon the docket entries in this case along with the factual representations made by the Chapter 7 Trustee during the hearing conducted on April 7, 2020. The Court accepts as uncontested evidentiary proffers the factual representations made by the Chapter 7 Trustee, who is an officer of the Court.

The Debtor filed a Petition for protection under Chapter 7 of the Bankruptcy Code on December 13, 2019. (Docket No. 2, the "Petition.") In the Petition, the Debtor identified the last four digits of her Social Security Number under penalty of perjury. The same day, she filed a "Statement About Your Social Security Numbers" conforming with Official Form No. 121, pursuant to which the Debtor, under penalty of perjury, identified her full Social Security Number.[4] (Docket No. 3, the "SSN Statement.") The last four digits of her Social Security Number contained on the Petition match the last four digits of her Social Security Number as set forth on the SSN Statement.

The same day she filed the Petition and SSN Statement, the Debtor also filed a Statement of Financial Affairs, Schedules, and all the various other submissions

---

[4] The SSN Statement is an access-restricted document not available to the general public. However, it is available to the Court and the Chapter 7 Trustee.

2

required at the commencement of a bankruptcy case including copies of recent "Statements of Earnings and Deductions" (the "Pay Stubs") from the Debtor's employer. (Docket No. 2.) Unlike many pay stubs, the Debtor's Pay Stubs did not include her Social Security Number.

The initial bankruptcy filings made by the Debtor appear complete in the sense that all the required forms were submitted. According to the Debtor's Schedules, she has almost nothing: just $2,340 of assets (consisting of some household goods, electronics, and clothing) against $17,957 of debts. (Docket No. 3.) In bankruptcy vernacular, it is a "no-asset case." Since the Debtor's nominal assets are entirely exempt under Colorado law, creditors stand to get nothing.

The same day the Debtor filed the Petition, the Clerk of the Court issued a "Notice of Chapter 7 Bankruptcy Case — No Proof of Claim Deadline" conforming with Official Form No. 309A. (Docket No. 1, the "Notice of Bankruptcy Filing.") Section 7 of the Notice of Bankruptcy Filing stated, in relevant part:

> Meeting of creditors: January 14, 2020 at 11:00 a.m.
>
> Location: Byron G. Rogers Federal Building
> 1961 Stout Street, Suite 16-200, Room A
> Denver, Colorado 80294
>
> Debtors must attend the meeting to be questioned under oath . . . . Creditors may attend, but are not required to do so. The meeting may be continued or adjourned to a later date . . . . Under Bankruptcy Rule 4002(b)(1)-(2), you shall bring the following to the meeting of creditors: (1) picture identification issued by a governmental unit, or other personal identifying information that establishes the debtor's identity AND evidence of a social security number OR a written statement that such documentation does not exist . . . .

Notice of Bankruptcy Filing § 7.

According to the Chapter 7 Trustee, the Debtor appeared very late for the initial Section 341 Meeting on January 14, 2020. In fact, she was so late that the Chapter 7 Trustee had already concluded all of the many other Chapter 7 Section 341 meetings scheduled that day. The Debtor caught up with the Chapter 7 Trustee only as the Chapter 7 Trustee was leaving the premises. As a result, the Chapter 7 Trustee did not conduct the Debtor's Section 341 Meeting on January 14, 2020 and instead continued the Section 341 Meeting to February 13, 2020 at 11:00 a.m. (Docket Entry on January 16, 2020.)

3

The Debtor appeared on time for the rescheduled Section 341 Meeting on February 13, 2020. Not surprisingly given the "no-asset" nature of the case, no creditors attended. According to the Chapter 7 Trustee, the Debtor brought her Colorado Driver's License (*i.e.*, an acceptable form of picture identification issued by a governmental unit) and her most recent Federal income tax return.

But — and this is the rub — the Debtor did not bring her original Social Security Card. She left it at home. She asked to be permitted to provide it later. However, the Chapter 7 Trustee declined. Even though the Debtor was physically present and otherwise ready to proceed with the Section 341 Meeting, the Chapter 7 Trustee chose not to proceed. He did not conduct the Debtor's Section 341 Meeting at all. According to the Debtor, the Chapter 7 Trustee advised that there was nothing the Chapter 7 Trustee could do except seek dismissal.

Consistent with the foregoing, about a week later, on February 21, 2020, the Chapter 7 Trustee filed the Motion to Dismiss. The Motion to Dismiss did not refer to any statutory or other legal basis for dismissal. Instead, the entire sum and substance of the Motion to Dismiss was the following text:

> 1. A Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Code was filed on December 13, 2020.
>
> 2. The Court issued its Order for the meeting of creditors to be held on January 14, 2020 at 11:00 a.m. The Debtor did not appear at that time. The 341 Meeting was continued to February 13, 2020 at 11:00 a.m. and the Debtor did appear at the continued meeting but failed to provide proof of his social security number at the meeting.
>
> 3. The deadline to object to discharge or to challenge whether certain debts are dischargeable is March 16, 2020. Trustee requests a thirty (30) day extension to and including April 15, 2020 for this deadline.
>
> 4. The Trustee asserts that such dismissal is in the best interests of all creditors.
>
> WHEREFORE, the Trustee respectfully requests that this Court enter an Order in the form attached hereto dismissing the Voluntary Petition, without prejudice and extending the deadline to object to discharge by an additional thirty (30) days and for such other and further relief as to this Court may seem just and proper.

4

Motion to Dismiss ¶¶ 1-4. The Chapter 7 Trustee mailed the Motion to Dismiss to the Debtor. (Docket No. 17.)

The Debtor objected to the Motion to Dismiss on February 24, 2020. (Docket No. 18, the "Objection.") As a *pro se* party without access to electronic filing, the Debtor hand-delivered and filed the Objection. (Docket No. 18.) Given the three days typically assumed for mail service, it appears that the Debtor must have responded and filed the Objection on the very day she received the Motion to Dismiss. As part of her Objection, the Debtor attached a copy of her Social Security Card. In her Objection, the Debtor stated:

> I actually attended the meeting with my trustee. But I was unaware of the fact I had to bring in my SSI card. I had left it at home. So I trid [sic] to send it to her in my email when I left. My trustee said . . . there [is] nothing we can do but dismissal. But I'm hav[ing] a very hard time agreeing. I have everything completed the only thing was I didn't bring my SSI card on me / with me. So I am requesting an exten[sion] [of] the deadlines so I well [sic] be able to show that I do have my security card just forgot to bring it in that day. So please give me another try.

Objection at 1. The Chapter 7 Trustee did not dispute the Debtor's description of the facts (*i.e.,* that the Debtor appeared at the Section 341 Meeting but without her Social Security Card). Further, the Chapter 7 Trustee confirmed to the Court that the Debtor's Social Security Number as shown on the Social Security Card filed with the Objection matched with the Debtor's Social Security Number as listed in the Debtor's SSN Statement. So, there is no doubt that the Debtor is the Debtor. There is no allegation of a fraudulent bankruptcy filing.

Nevertheless, the Chapter 7 Trustee elected to continue prosecuting the Motion to Dismiss even after receiving verification of the Debtor's Social Security Number. So, the Court set a telephonic hearing on the Motion to Dismiss and Objection on April 7, 2020. (Docket Nos. 20, 21, 23, and 25.) Only the Chapter 7 Trustee appeared; the Debtor did not. At that time, the Chapter 7 Trustee made a proffer regarding the foregoing facts which the Court accepted as uncontested.

### IV. **Conclusions of Law**.

**A. The Statutory and Rules Framework for the Section 341 Meeting and Identification Requirements.**

A debtor's duties in a consumer Chapter 7 liquidation are limited. A debtor must file a petition to commence the bankruptcy case. 11 U.S.C. § 301. And then a debtor must submit certain financial disclosures including: a "list of creditors"; a "schedule of assets and liabilities"; a "schedule of current income and current expenditures"; a

5

"statement of the debtor's financial affairs"; "copies of all payment advices . . . within 60 days [before the petition]"; and a "statement of the amount of monthly net income, itemized to show how the amount is calculated." 11 U.S.C. §§ 521(a) and (b). In addition to these financial disclosures, a debtor also must submit "to the trustee a copy of the [debtor's most recent] Federal income tax return." 11 U.S.C. § 521(e)(2)(A). Further, a debtor must file a "certificate" verifying attendance at a pre-petition credit counseling briefing. In this bankruptcy case, the Debtor did all that.

Beyond the paperwork, a debtor has a general duty to "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties . . . ." 11 U.S.C. §521(a)(3); *see also* 11 U.S.C. § 704 (specifying the duties of a chapter 7 trustee). And a debtor must "appear and submit to examination under oath at the meeting of creditors under section 341(a) of this title." 11 U.S.C. § 343. At the meeting of creditors, "[c]reditors . . ., any trustee, . . . or the United States trustee may examine the debtor." The conduct of the meeting of creditors is governed by Section 341 which states, in relevant part:

> (a) Within a reasonable time after the order for relief in a case under this title, the United States trustee shall convene and preside at a meeting of creditors.
> . . . .
>
> (c) The court may not preside at, and may not attend, any meeting under this section including any final meeting of creditors . . . . Nothing in this subsection shall be construed to require any creditor to be represented by an attorney at any meeting of creditors.
>
> (d) Prior to the conclusion of the meeting of creditors . . . the trustee shall orally examine the debtor to ensure that the debtor in a case under chapter 7 of this title is aware of —
>
> (1) the potential consequences of seeking a discharge in bankruptcy, including the effects on credit history;
>
> (2) the debtor's ability to file a petition under a different chapter of this title;
>
> (3) the effect of receiving a discharge of debts under this title; and
>
> (4) the effect of reaffirming a debt, including the debtor's knowledge of the provisions of section 524(d) of this title.

6

11 U.S.C. § 341. So, except for the required explanation of the consequences of bankruptcy, the text of Sections 341 and 343 does not provide any particulars about Section 341 meetings except that a debtor is subject to examination under oath. For no-asset Chapter 7 liquidations, Section 341 meetings are typically quite perfunctory and last only a few minutes, especially if no creditors bother to show up.

Notably, the Bankruptcy Code contains no requirement that a debtor bring a Social Security Card to the Section 341 meeting.[5] The closest similar statutory provision is Section 521(h) which states:

> If requested . . . by the trustee, the debtor shall provide —
> (1) a document that establishes the identity of the debtor, including a driver's license, passport, or other document that contains a photograph of the debtor; or (2) such other personal identifying information relating to the debtor that establishes the identity of the debtor.

11 U.S.C. § 521(h). The Debtor complied with that requirement. When the Chapter 7 Trustee requested that the Debtor produce identification at the February 13, 2020 Section 341 Meeting, the Debtor provided her Colorado Driver's License. So, the Debtor did not violate the Bankruptcy Code by leaving her Social Security Card at home when she attended the Section 341 Meeting.

But the text of the Bankruptcy Code is not the end of the legal inquiry. The Bankruptcy Code is supplemented by the Federal Rules of Bankruptcy Procedure. In 2008, Congress amended the Federal Rules of Bankruptcy Procedure (under the Rules Enabling Act, 28 U.S.C. § 2071 *et seq.*) to — for the first time — mandate that debtors provide "evidence of social-security number(s)." The currently-effective version of Fed. R. Bankr. P. 4002(b)(1) now provides:

> Personal identification. Every individual debtor shall bring to the meeting of creditors under § 341: (A) a picture identification issued by a governmental unit, or other personal identifying information that establishes the debtor's identity; and (B) evidence of social-security number(s), or a written statement that such documentation does not exist.

In terms of the relationship between the Bankruptcy Code and Fed. R. Bankr. P. 4002(b)(1), if "a rule adopted by the Supreme Court abridges, enlarges, or modifies a substantive right, the rule is ineffective, because [28 U.S.C.] § 2075 provides that such 'rules shall not abridge, enlarge, or modify any substantive right.'" *Duran v. AmeriCredit Fin. Servs., Inc. (In re Duran)*, 483 F.3d 653, 657 (10th Cir. 2007). With respect to

---

[5] At the April 7, 2020 hearing, the Chapter 7 Trustee initially claimed that the Bankruptcy Code required the Debtor to bring her Social Security Card. However, the Chapter 7 Trustee was unable to identify any such requirement in the Bankruptcy Code. The Chapter 7 Trustee eventually acknowledged that the Bankruptcy Code itself does not contain any Social Security Card requirement.

Social Security Numbers and Social Security Cards, bankruptcy debtors do not have a substantive right to decline providing such information to Chapter 7 trustees. Thus, Fed. R. Bankr. P. 4002(b)(1) does not conflict with the Bankruptcy Code. Instead, Fed. R. Bankr. P. 4002(b)(1) supplements the Bankruptcy Code with a new and valid Social Security Card procedural requirement helpful for confirming the identity of debtors and avoiding potential fraud and abuse of the bankruptcy system.

**B.     The Debtor Violated Fed. R. Bankr. P. 4002(b)(1).**

The undisputed facts dictate that the Debtor violated Fed. R. Bankr. P. 4002(b)(1). After all, she did not bring "evidence of social security number(s)" to the February 13, 2020 Section 341 Meeting. And, by virtue of the fine print in the Notice of Bankruptcy Filing, she was on notice of the requirement.

Although Fed. R. Bankr. P. 4002(b)(1) does not specify the type of evidence that would be adequate to confirm a Social Security Number, a Social Security Card probably is the best evidence. And other types of evidence generated by governmental units or third parties — such as a W-2 tax form, IRS Form 1099, employer pay stub (with identification of social security number), medical insurance card (with identification of social security number), or a Social Security Administration statement or letter — likely fit the bill.

The Debtor brought none of those materials to the Section 341 Meeting. The closest thing she had was her Federal income tax return on which she listed her Social Security Number. However, that was a document that the Debtor herself prepared and does not have quite the same hallmarks of trustworthiness as something from a governmental unit or third party. She also had her Pay Stubs. But, unlike some other pay stubs, her employer did not list the Debtor's Social Security Number on her Pay Stubs. So, the Debtor fell short under Fed. R. Civ. P. 4002(b)(1). She acknowledged as much when she offered to provide her Social Security Card to the Chapter 7 Trustee after the Section 341 Meeting.

**C.     The Debtor's Failure to Produce Her Social Security Card at the Section 341 Meeting Does Not Warrant Dismissal of Her Bankruptcy Case.**

In the Motion to Dismiss, the Chapter 7 Trustee failed to identify a statutory basis for dismissal. However, at the April 7, 2020 Hearing, the Chapter 7 Trustee offered up only Section 707(a)(1) which states:

> The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including — (1) unreasonable delay by the debtor that is prejudicial to creditors . . . .

11 U.S.C. § 707(a)(1). The Chapter 7 Trustee has been unable to identify any case law supporting his position. Further, the Court has not located any reported decision

8

dismissing a Chapter 7 bankruptcy case for failure of a debtor to bring her Social Security Card to a Section 341 meeting where she has later provided it.[6]

In any event, the task presented to the Court is to decide whether the Social Security Card snafu at the Section 341 Meeting (which was later remedied by the Debtor's presentation of the Social Security Card) is sufficient "cause" to warrant the draconian sanction of dismissal under Section 707(a)(1). Since the statutory text uses the permissive phrase "may dismiss," the Court has substantial discretion in reaching a decision. *Arenas v. U.S. Trustee (In re Arenas)*, 535 B.R. 845, 853 (10th Cir. BAP 2015) ("Determining what amounts to cause for dismissal under § 707(a) is within the court's discretion."); *Isho v. Loveridge (In re Isho)*, 498 B.R. 391 (10th Cir. BAP 2013) (table, unpublished) ("determination of cause [for dismissal under Section 707(a)] is within the discretion of the bankruptcy court."); *Peterson v. Atlas Supply Corp. (Matter of Atlas Supply Corp.)*, 857 F.2d 1061, 1063 (5th Cir. 1988) ("decision whether to grant a motion to dismiss a petition in bankruptcy lies within the discretion of the bankruptcy judge").

The Court recognizes that the Debtor created a problem. After all, she was too late for the initial Section 341 Meeting on January 14, 2020. The Chapter 7 Trustee did the right thing by continuing the Section 341 Meeting. And, the Debtor failed to bring sufficient "evidence" of her Social Security Number to the continued Section 341 Meeting on February 13, 2020. That was unfortunate. Surely it was frustrating for the Chapter 7 Trustee who was busy conducting many Section 341 meetings the same day. So, the Debtor's conduct was not a model of diligence.[7]

But the Court parts company with the Chapter 7 Trustee in applying the statutory language. First, the Court does not consider the failure of the Debtor to bring her Social Security Card as "unreasonable delay." She failed to bring the right evidence — but it was only a mistake by a *pro se* party trying to run the bankruptcy gauntlet. She did almost everything else right. She demonstrated her commitment to the bankruptcy process by going to both of the Section 341 Meetings in person. She produced her government-issued Colorado Driver's License for the Chapter 7 Trustee. At the February 13, 2020 Section 341 Meeting, she asked for another chance. She offered to show her Social Security Card later. And she did so when she attached a copy of her Social Security Card to her Objection. The Social Security Card matched with the Social Security Number on the Petition and SSN Statement. So, there is no doubt that she is the Debtor. What happened was not "unreasonable" but seems more akin to commonplace inadvertence or negligence. There is certainly no evidence of bad faith or intentional misconduct by the Debtor.

---

[6] To be fair, the Court observes that there simply are no reported decisions considering dismissal under Section 707(a)(1) and Fed. R. Bankr. P. 4002(b)(1) for failure to show a Social Security Card at a Section 341 meeting. This probably indicates that the issue usually is resolved through unreported decisions or by permitting the Social Security Card to be produced later.

[7] She also did not help her case by failing to appear at the April 8, 2020 Hearing. However, she had filed her written Objection.

The Chapter 7 Trustee also did not present any facts or legal argument establishing "prejudic[e] to creditors." The Debtor is brutally impoverished. She has almost nothing. There are, and will be, no assets available for her creditors whether in bankruptcy or, if the Court dismisses the case, outside of bankruptcy. Perhaps, the Chapter 7 Trustee or a creditor might theoretically wish to attack the dischargeability of a particular debt under Section 523 or generally contest the Debtor's discharge under Section 727. In the Motion to Dismiss, the Chapter 7 Trustee correctly stated that "[t]he deadline to object to discharge or to challenge whether certain debts are dischargeable is March 16, 2020." *See* Notice of Bankruptcy Filing ¶ 9 (identifying the March 16, 2020 deadline). Obviously, that date has passed. But the issue is easily remedied. In the Motion to Dismiss, the Chapter 7 Trustee timely requested an extension of the deadlines. Although not mentioned by the Chapter 7 Trustee, Fed. R. Bankr. P. 4004(b)(1) permits the Court to "extend the time to object to discharge" under Section 727 "on motion of any party in interest, after notice and a hearing" provided that the motion "shall be filed before the time has expired." Similarly, Fed. R. Bankr. P. 4007(c) states that the Court may extend the deadline for filing a complaint to determine the dischargeability of a debt under Section 523(c) on a "motion of a party in interest, after hearing on notice" provided that the motion is filed "before the time has expired." No party has objected to the Chapter 7 Trustee's request to extend the deadlines. Accordingly, if the Court extends the foregoing deadlines, seemingly there will be no prejudice to creditors. At a minimum, the Chapter 7 Trustee has failed to establish any prejudice to creditors.

In addition to considering the statutory text for dismissal under Section 707(a)(1), the Court's discretionary decision also is informed by practice and Chapter 7 Trustee standards. The Chapter 7 Trustee elected to pursue a very aggressive position arguing for dismissal because, in his view, he was unable to conduct the Section 341 Meeting on February 13, 2020 since the Debtor did not bring her Social Security Card. But there was no reason, under the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure, why the Chapter 7 Trustee could not have: (1) continued the Section 341 Meeting again, or (2) better yet, because the Debtor was present, conducted the examination of the Debtor at the Section 341 Meeting, subject only to continuing the Section 341 Meeting for the limited purpose of ensuring that the Debtor produced her Social Security Card later. In fact, that is what the Executive Office for United States Trustees, which supervises all Chapter 7 trustees, suggests in its HANDBOOK FOR CHAPTER 7 TRUSTEES (Exec. Office for U.S. Trustees, United States Department of Justice 2012) (the "TRUSTEE HANDBOOK").

Section 3(D)(5) of the TRUSTEE HANDBOOK states:

> VERIFICATION OF DEBTOR IDENTITY AND SOCIAL SECURITY NUMBER. At the meeting of creditors, each individual debtor must present original government issued photo identification and confirmation of the social security number listed in the notice of the meeting of creditors received by the trustee. 11 U.S.C. § 521(h) and Fed. R.

10

>Bankr. P. 4002(b)(1). The trustee must not ask the debtor to verbally recite on the record their social security number or address, but should verify both. Any document used to confirm a debtor's identity and social security number must be an original. 28 U.S.C. § 586. Copies may not be accepted, except that in the discretion of the trustee, a copy of a W-2 Form, an IRS Form 1099, or a recent payroll stub may be accepted. Acceptable forms of picture identification (ID) include: driver's license, U.S. government ID, state ID, student ID, passport (or current visa, if not a U.S. citizen), military ID, resident alien card, and identity card issued by a national government authority. Acceptable forms of proof of social security number include: social security card, medical insurance card, pay stub, W-2 form, IRS Form 1099, and Social Security Administration (SSA) Statement . . . . *If a debtor fails to provide the required forms of identification, the trustee may proceed with the normal questioning at the meeting of creditors, but must continue the meeting to the trustee's next scheduled meeting date for production of the identification. At the trustee's discretion, the trustee may allow the debtor to present the required identification before the next scheduled meeting.* If the debtor provides the required documentation, the trustee may have the continued meeting deemed concluded, provided that there are no other pending issues that warrant reconvening the meeting . . . . If the debtor's identity cannot be confirmed, or the social security number listed on the debtor's bankruptcy documents cannot be confirmed or is incorrect, the trustee must refer the matter to the United States Trustee. 28 U.S.C. § 586. See the Supplementary Materials for the Notice to United States Trustee of Debtor Identity Problem.

(Emphasis added.)

The TRUSTEE HANDBOOK is not a statute and is not binding on the Court; but it directs Chapter 7 trustees how to perform their duties. The TRUSTEE HANDBOOK generally complements the Bankruptcy Code and "typically fill[s] in much of the detail on the nuts-and-bolts of case administration." *In re Christensen*, 561 B.R. 195, 203 (Bankr. D. Utah 2016). The United States Supreme Court and appellate courts have cited the TRUSTEE HANDBOOK with approval in considering various bankruptcy issues. *See e.g. Schwab v. Reilly*, 560 U.S. 770, 785 (2010) (citing TRUSTEE HANDBOOK with approval); *Phoenician Mediterranean Villa, LLC v. Swope (In re J & S Prop., LLC)*, 872 F.3d 138, 144 (3rd Cir. 2017) (same); *Wisdom v. Gugino*, 649 Fed. Appx. 583, 584 (9th Cir. 2016) (unpublished) (same); *In re Rowe*, 750 F.3d 392, 397 (4th Cir. 2014) (same); *Jubber v. Bird (In re Bird)*, 577 B.R. 365, 379 (10th Cir. BAP 2017) (same; "sale of the Homesteads undoubtedly violates the Trustee Handbook's directive . . . .").

11

So, the Chapter 7 Trustee had discretion to do exactly what the Debtor was prepared to do: proceed with the Section 341 Meeting on February 13, 2020 and then continue the hearing to permit the Debtor to produce her Social Security Card later. It was the Chapter 7 Trustee's choice. By refusing to follow that course (endorsed in the TRUSTEE HANDBOOK), the Chapter 7 Trustee contributed to the current conundrum. Also, if the Chapter 7 Trustee had really doubted the Debtor's identification, the TRUSTEE HANDBOOK instructs that he "must refer the matter to the United States Trustee." There is no evidence that he did that. Ultimately, the Court concludes that the Chapter 7 Trustee has not met his burden to show cause sufficient for dismissal under Section 707(a)(1).

## V.     Conclusion.

For the reasons set forth above, the Court DENIES the Motion to Dismiss, in part, and GRANTS the Motion to Dismiss, in part, as follows:

The Court DENIES dismissal of the Debtor's bankruptcy case;

The Court ORDERS the Chapter 7 Trustee to select a new date for the Section 341 Meeting and file a "Notice of Continued Section 341 Meeting" with the Court as soon as practicable;

The Court GRANTS the request to extend the deadlines to contest the dischargeability of a particular debt under Section 523(c) and contest the Debtor's discharge under Section 727. The deadlines shall be extended to sixty (60) days from the new date of the Debtor's Section 341 Meeting;

The Court further ORDERS the Clerk of Court to serve the "Notice of Continued Section 341 Meeting" on the Debtor, creditors, and other parties in interest as shown on the Creditors Matrix; and

The Court further ORDERS that the Debtor shall appear on time at the continued Section 341 Meeting with the two types of identification required by Fed. R. Bankr. P. 4002(b)(1) (*e.g.*, her Colorado Driver's License and Social Security Card). If the Debtor fails to appear at the continued Section 341 Meeting or fails to bring the two types of identification required by Fed. R. Bankr. P. 4002(b)(1), the bankruptcy case may be dismissed upon further motion of the Chapter 7 Trustee.

DATED this 23rd day of April, 2020.

BY THE COURT:

*Thomas B. McNamara*
Thomas B. McNamara,
United States Bankruptcy Judge

12